UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARRY AHURUONYE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF INTERIOR, ) <br> ) <br> Defendant. ) | Civil Action No. 17-2061 (RBW) |

**MEMORANDUM OPINION**

The plaintiff, Barry Ahuruonye, proceeding pro se, brings this civil action against the defendant, the United States Department of Interior (the "Department"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 791 et seq. See Complaint ("Compl.") at 1, ECF No. 1; id., Exhibit ("Ex.") 1 (U.S. Equal Employment Opportunity Commission ("EEOC") Decision ("EEOC Decision")) at 1, ECF No. 1-1. Currently pending before the Court are (1) the Plaintiff[']s[] Motion for Leave to File Motion for Leave to File Exhibit 14, Exhibit 15, Exhibit 16 ("Pl.'s Mot. for Leave to File Exhibits"), ECF No. 36; (2) the Plaintiff[']s[] Motion for Leave to File Second Amended Complaint II ("Pl.'s Mot. to Amend Compl."), ECF No. 35; and (3) the Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 25. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must (1) deny without prejudice the plaintiff's motion for leave to file exhibits; (2)

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Def.'s Opp'n"), ECF No. 37; (2) the Defendant's Reply in Further Support of Its Motion to Dismiss ("Def.'s Reply"), ECF No. 39; (3) the Plaintiff's Response to Show Cause Order ("Pl.'s Resp."), ECF No. 41; (4) the [Plaintiff's] Amended Complaint ("Am. Compl."), ECF No. 11; and (5) the Plaintiff's Errata Exhibits, ECF No. 38.

grant in part and deny without prejudice in part the plaintiff's motion for leave to file his Second Amended Complaint; and (3) deny without prejudice as moot the defendant's motion to dismiss the plaintiff's Amended Complaint.

## I. BACKGROUND

A. **Factual and Administrative Background**

The plaintiff identifies himself as an African American male of Nigerian national origin, who in December 2011, was hired as a Grants Management Specialist, GS-1109-12, in the Department's United States Fish and Wildlife Service subcomponent, until his termination in April 2015.  Am. Compl., Ex. 2 (Ahuruonye v. Dep't of Interior, No. DC-0752-13-0384-C-1, at 1 (M.S.P.B. Mar. 28, 2014) ("MSPB Decision")), ECF No. 11-2; see Ahuruonye v. U.S. Dep't of Interior, No. 16-cv-1767 (RBW), 2022 WL 1746656, at *1 (D.D.C. May 31, 2022) (Walton, J.).  Relevant here, the plaintiff was initially "terminat[ed] from his term appointment [ ] to the position of Grants Management Specialist, . . . effective December 3, 2012 . . ."  Am. Compl., Ex. 2 (MSPB Decision) at 1.

Following the plaintiff's administrative appeal of the Department's termination of his employment, the parties entered into a settlement agreement on April 5, 2013.  See id. Subsequently, on June 20, 2013, the plaintiff filed a Petition for Enforcement with the Merit Systems Protection Board ("MSPB"), alleging that the Department had not complied with the terms of their settlement agreement.  See Am. Compl. at 3.  And, on March 28, 2014, the MSPB ultimately denied the plaintiff's petition for enforcement of the agreement after finding that the Department "ha[d] established that it is in compliance with the April 5, 2013 Settlement Agreement."  Id., Ex. 2 (MSPB Decision), at 8.  Separately, the plaintiff also pursued an administrative appeal, culminating in an appeal before the Equal Employment Opportunity

Commission ("EEOC"), which affirmed the Department's final decision regarding his claims. See generally Compl., Ex. 1 (EEOC Decision) at 2, ECF No. 1.

**B.     Procedural Background**

The plaintiff brought his Complaint in this case on September 29, 2017, alleging that the Department had discriminated against him following his reinstatement pursuant to the parties' settlement agreement. See Compl. at 1. Specifically, the plaintiff alleged that he was subject to seven instances of racial discrimination and/or reprisal:

- "On June 13, 2013, his first-line supervisor[,] Lisa Van Al[styne,] rescinded [the] plaintiff['s] reasonable accommodation [of] two days telework[ per week,]" id.;
- "On June[ ]10, 2013, Lisa Van Al[styne] . . . disapproved his reasonable . . . accommodation request [of two days telework per week,]" id.;
- "On August 5, 2013, . . . Lisa Van Al[styne] . . . threatened [the plaintiff] with an adverse personnel action[] if he failed to produce medical documentation that does not apply to the type of reasonable accommodation the [plaintiff] requested[—i.e., telework—]by August 19, 2013[,]" id.;
- "On September 3[,] 2013, the Acting Deputy Assistant Director, Wildlife Sport Fish and Recreation, Steve Barton[,] failed to investigate his allegation of harassment against Lisa Van Al[styne][,]" id.;
- "[O]n August 22, 2013, his supervisor denied his . . . telework reasonable accommodation request for the second time[,]" id.;
- "On [November 19, 2013,] Penny Bartnicki issued the plaintiff a Letter of Reprimand claiming that Bartnicki learned that the plaintiff 'was using inflammatory language and relaying information about her that was untrue[,]'" id.;
- "On August 11, 2017[,] [the] plaintiff learn[ed] that on [January 30, 2017,] in violation of the Privacy Act and [Administrative Procedure Act,] Lisa Van Al[styne] provided a fraudulent certification to the U.S. D[epartment of Labor] Office of Workers Compensation Programs that the agency response was sent to the plaintiff" when no such response was sent, depriving that office of relevant information in processing his claim. Id. at 2.

Subsequently, on May 23, 2023, the Court ordered the plaintiff to notify the Court "if he still wishe[d] to pursue the claims in his Complaint[,]" given the years of inaction in this case.

3

Order at 1 (May 23, 2023), ECF No. 4.  On May 30, 2023, the plaintiff represented that "he wishe[d] to prosecute and pursue [his] claims in this [case]."  Plaintiff's Response to Court Order Dated May 23, 2023 at 2, ECF No. 5.  And, on August 16, 2023, the plaintiff filed his Amended Complaint, see Am. Compl. at 1, i.e., the now-operative Complaint, which—as indicated above—alleges that the defendant violated the terms of the parties' 2013 settlement agreement, see id., and seeks review of the administrative decisions arising out of that settlement agreement, see id.

On July 7, 2024, the plaintiff filed a motion for leave to file his Second Amended Complaint.  See generally Plaintiff's Motion for Leave to File Second Amended Complaint at 1, ECF No. 27.  Then, on July 11, 2024, the defendant filed its motion to dismiss the plaintiff's Amended Complaint.  See Def.'s Mot. at 1.  On October 1, 2024, the Court denied without prejudice the plaintiff's motion for leave to file his Second Amended Complaint, see Order at 6 (Oct. 1, 2024), ECF No. 34, and ordered that "should the plaintiff still desire to move for leave to file his Second Amended Complaint, on or before October 15, 2024, he shall file a motion explaining his rationale for why the Court should permit him to do so, and he shall include the proposed Second Amended Complaint as an exhibit to his motion[,]" id.  The Court also ordered the plaintiff to file his response to the defendant's motion to dismiss on or before November 12, 2024.  See id.

On October 14, 2024, the plaintiff filed the now pending motion for leave to file his Second Amended Complaint, see Pl.'s Mot. to Amend Compl. at 1, as well as his pending motion for leave to file exhibits, see Pl.'s Mot. for Leave to File Exhibits at 1.  On October 22, 2024, the defendant filed its opposition to the plaintiff's renewed motion for leave to file his

4

Second Amended Complaint. See Def.'s Opp'n at 1.[2] Then, on November 19, 2024, the defendant filed its reply in support of its motion to dismiss. See Def.'s Reply at 1. Having received no response from the plaintiff, the Court ordered the plaintiff to "[show cause] in writing . . . why the Court should not treat the defendant's motion to dismiss as conceded in light of the plaintiff's failure to respond to the defendant's motion[ to dismiss]." Order at 2 (Nov. 29, 2024), ECF No. 40. And, on December 9, 2024, the plaintiff filed his response to the Court's November 29 Order. See Plaintiff's Response to Show Cause Order ("Pl.'s Resp.") at 1, ECF No. 41.

## II.   ANALYSIS

### A.   The Plaintiff's Motion for Leave to Amend His Complaint

The plaintiff requests that the Court grant him leave to file his Second Amended Complaint because doing so "would serve justice and promote efficiency in the form of motion practice as the defendant may inevitably file [ ] a motion for more definite statement based on" an EEOC declaration "that is at odds with [the] first amended complaint[.]" Pl.'s Mot. to Amend Compl. at 2.[3] The plaintiff notes that his first Amended Complaint "erroneously focused on an

---

[2] The defendant, in opposing the plaintiff's motion for leave to file his Second Amended Complaint, argues for the first time that the plaintiff did not properly serve process on the defendant until 2023, six years after the inception of this suit. See Def.'s Opp'n at 8. Therefore, the defendant argues that the Court should dismiss the plaintiff's suit due to "his failure to prosecute this action until the Court prompted him to do so[,]" which "may also be viewed as the abandonment of this lawsuit[.]" Id. However, because the defendant did not raise this argument in its motion to dismiss pursuant to Rule 12(b), the Court treats this argument—to the extent it seeks to raise a personal jurisdiction defense—as waived. See Fed. R. Civ. P. 12(h)(1) (noting that a party waives its personal jurisdiction defense if it was available to the party when it filed an earlier motion under Rule 12(b) and omitted the defense from that motion and did not raise the defense in an amendment as a matter of course). Further, in light of the Court's prior Order granting the plaintiff leave to proceed in forma pauperis, see Application to Proceed in District Court Without Prepaying Fees or Costs at 1, ECF No. 3, and its preference to resolve this long-standing matter on the merits rather than on procedural grounds, the Court declines to sua sponte dismiss this action for lack of prosecution.

[3] As indicated above, two days after filing his motion for leave to file his Second Amended Complaint, the plaintiff filed a motion for leave to file three additional exhibits, listed as Exhibits 14, 15, and 16. See Pl.'s Mot. for Leave to File Exhibits at 1. However, he offers little in the way of any explanation for how these exhibits are relevant to his case, despite being on notice that the Court requires such a justification, see Order at 1 (July 19, 2024), ECF No. 30. Further, although the plaintiff notes that he "notified the defendants that there were [e]xhibits that he was unable to
(continued . . .)

unrelated breach of [a] settlement agreement that had been litigated at [the] MSPB as part of [the plaintiff's] employment reinstatement[,]" and that the plaintiff only became aware of this error when contacted by the defendant in March 2024.  Id.  Therefore, the plaintiff seeks leave to amend his Complaint for the second time to cure these defects.  See id. at 3.  Specifically, the plaintiff's proposed Second Amended Complaint sets forth fourteen claims, which largely track the fourteen discrimination and retaliation claims in the plaintiff's EEOC appeal, but also include national origin and hostile work environment claims.  See generally Pl.'s Mot, Ex. 1 (Plaintiff's Amended Complaint #2 ("2d Am. Compl.")), ECF No. 35-1.  The defendant opposes the plaintiff's motion, arguing that (1) such amendment would prejudice the defendant and constitute undue delay, see Def.'s Opp'n at 5; and (2) that the proposed Second Amended Complaint "would be futile because it would not survive a motion to dismiss[,]" id. at 10 (citation omitted).[4]

      Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to a party to amend his pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Therefore, while the Court has discretion to grant or deny leave to amend, "[l]eave to amend a [pleading] should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  Richardson v. United States, 193 F.3d

---

(. . . continued)
submit [on] October 15, 2024, and [that] he [would] be filing a motion to submit them[,]" Pl.'s Mot. for Leave to File Exhibits at 2, the plaintiff does not certify that he actually "discuss[ed] the anticipated motion with [the defendant's] counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement[,]" LCvR 7(m).  Nonetheless, the Court construes these proposed exhibits as exhibits related to the plaintiff's proposed Second Amended Complaint because of the timing and numbering of the exhibits.  And, "[g]iven the general judicial preference for resolving motions on their merits rather than dismissing them on technicalities," Niedermeier v. Off. of Max S. Baucus, 153 F. Supp. 2d 23, 27 (D.D.C. 2001), the Court will excuse the plaintiff's noncompliance with Local Rule 7(m)'s duty to confer.  Ultimately, because the Court concludes that it will grant in part and deny in part the plaintiff's motion for leave to file his Second Amended Complaint, it will deny without prejudice the plaintiff's motion for leave to file these additional exhibits related to his proposed Second Amended Complaint, providing the plaintiff an opportunity to attach these exhibits in support of his Second Amended Complaint, should he wish to do so.

[4] The plaintiff did not file a reply in support of his motion for leave to further amend his Complaint.

545, 548–49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The rationale for this standard is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits."  Foman, 371 U.S. at 182.  "The burden is on the defendant to show that leave to file an amended complaint should be denied."  Afram v. United Food & Com. Workers Unions & Participating Emp'rs Health & Welfare Fund, 958 F. Supp. 2d 275, 278 (D.D.C. 2013) (citing Smith v. Café Asia, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)).

Nevertheless, the "[C]ourt may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss," In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010), or in other words, if it would be futile to permit the proposed amendment, see James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").  And, "[w]here . . . the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied."  Miss. Ass'n of Coops. v. Farmers Home Admin., 139 F.R.D. 542, 544 (D.D.C. 1991) (citation omitted).  However, "[t]he burden is on the defendant to show that leave to file an amended complaint should be denied."  Afram, 958 F. Supp. 2d at 278.

Here, because the plaintiff seeks leave to file his Second Amended Complaint more than twenty-one days after the defendant filed its motion to dismiss, and because the plaintiff has not obtained the defendant's consent, the Court must determine whether it should exercise its discretion to grant the plaintiff's motion.  In doing so, the Court will first determine whether granting the plaintiff's motion would cause undue delay and prejudice to the defendant, and if not, whether granting the plaintiff's motion would nonetheless be futile.

7

1. **Whether the Court Should Deny the Plaintiff's Motion Because of Undue Delay and Prejudice to the Defendant**

The defendant argues that it "is prejudiced by the introduction of new allegations that substantially alter the scope and theory of this litigation[,]" and that "[t]hese new facts and legal arguments would require the [defendant] to marshal its defenses against accusations of racial discrimination and retaliation relating to incidents that occurred in 2013, which were not alleged in the original complaint filed six years ago, on September 29, 2017." Def.'s Opp'n at 5.

The District of Columbia Circuit's "case law [ ] make[s] clear that undue delay is a sufficient reason for denying leave to amend." Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996). And, "[l]eave to amend is often 'denied when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading.'" Scarlett v. Off. of Inspector Gen., No. 21-cv-819 (RDM), 2022 WL 111236, at *3 (D.D.C. Jan. 10, 2022) (quoting 6 Wright & Miller, Federal Practice & Procedure § 1488 (3d ed.)); see Anderson v. USAir, Inc., 818 F.2d 49, 57 (D.C. Cir. 1987) (affirming the district court's denial of the plaintiff's motion for leave to amend the complaint where the amendments "were based on facts known prior to the completion of discovery"). "Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice." Atchinson, 73 F.3d at 426 (citation omitted); see N. Am. Cath. Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 83 (D.D.C. 2012) ("One of the 'most important factor[s]' to consider is 'the possibility of prejudice to the opposing party.'" (quoting Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006)).

Here, although the plaintiff certainly knew of the basis of his new proposed claims because he brought those claims in his prior EEOC appeal, which was attached to his original

8

Complaint filed in 2017, for the foregoing reasons, the Court concludes that the defendant has not shown that granting the plaintiff's motion would unduly prejudice the defendant.

The defendant first argues that the plaintiff "did not include in this original complaint" several of his proposed claims, Def.'s Opp'n at 5, which the defendant argues "do not relate back" to his original Complaint, id. at 6 (quoting Ransom v. Shulkin, 719 F. App'x 8, 10 (D.C. Cir. 2018)) (citation omitted). The defendant further argues that inclusion of these new claims—in particular his national origin and hostile work environment claims—"would do far more than allow [the p]laintiff to fully litigate all the legal dimensions of [his] initial action; rather, it would permit [the p]laintiff to transform [his] case into something entirely new." Id. at 6 (quoting Scarlett, 2022 WL 111236, at *3 (cleaned up)). However, the Court is not persuaded that permitting the plaintiff to further amend his complaint would cause undue prejudice as alleged by the defendant.

In regards to the defendant's first argument, in assessing whether new claims relate back to his earlier Complaint, "[t]he underlying question is whether the original complaint adequately notified the defendant[] of the basis for liability the plaintiff[] would later advance in the amended complaint." Jones v. Bernanke, 557 F.3d 670, 674–75 (D.C. Cir. 2009) (quoting Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008)). Here, while the plaintiff's original Complaint listed only seven claims, the plaintiff attached the EEOC decision listing all fourteen claims he now seeks to include. See Compl., Ex. 1 (EEOC Decision) at 2, ECF No. 1. Therefore, the Court concludes that—at least as to the plaintiff's discrimination and retaliation claims—the original Complaint and its exhibits "adequately notified the defendant[] of the basis for liability" the plaintiff now seeks to advance. Jones, 557 F.3d at 674–75 (quoting Meijer, Inc.,

9

533 F.3d at 866).[5]  Further, although this matter has been pending for several years, the case remains in its earliest stages, with the defendant only having filed its motion to dismiss in July 2024.  Compare Dove v. Wash. Metro. Area Transit Auth., 221 F.R.D. 246, 249 (D.D.C. 2004) (concluding that there was no undue prejudice where the litigation was "in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery[]"), with Elkins v. District of Columbia, 690 F.3d 554, 565 (D.C. Cir. 2012) (affirming the district court's denial of the motion to amend where the motion came "nearly five years after the initial complaint and after discovery had closed"), and Unique Indus., Inc. v. 965207 Alta. Ltd., 764 F. Supp. 2d 191, 208 (D.D.C. 2011) (concluding that there was undue delay and prejudice because the motion for leave to amend was filed "after the close of discovery and after the submission of motions for summary judgment").  And, because "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend[,]" Dove, 221 F.R.D. at 249 (listing cases), the Court concludes that because the defendant has not carried its burden, the Court will grant the plaintiff's motion to further amend his Complaint unless it is futile.

### 2. Whether the Court Should Deny the Plaintiff's Proposed Second Amended Complaint as Futile

The defendant also argues that "[p]ermitting [the p]laintiff to file his Second Amended Complaint would be futile because it would not survive a motion to dismiss."  Def.'s Opp'n at 9 (citation omitted).  Specifically, the defendant argues that the Second Amended Complaint is futile because the plaintiff (1) "failed to exhaust administrative remedies for all claims alleging discrimination based on national origin and a hostile work environment[,]" and (2) "fails to plead

---

[5] While the EEOC appeal decision does not list national origin and hostile work environment claims, the Court need not conclusively determine whether these claims alone would substantially alter the scope of the litigation, see Scarlett, 2022 WL 111236, at *2, because, as the Court concludes below, the plaintiff has failed to establish that he exhausted his administrative remedies as to these claims, see infra section II.A.2, and therefore the Court denies without prejudice the plaintiff's motion for leave to file these claims.

10

any facts that connect any of his alleged adverse employment actions to his membership in a protected class or prior EEO activity." Id.  The plaintiff does not appear to address these arguments.  Nonetheless, the Court will assess each of the defendant's futility arguments in turn, bearing in mind that "[t]he burden is on the defendant to show that leave to file an amended complaint should be denied." Afram, 958 F. Supp. 2d at 278 (citing Smith, 598 F. Supp. 2d at 48).

> a. **Whether the Defendant Has Established that the Plaintiff Failed to Exhaust His Administrative Remedies as to His National Origin and Hostile Work Environment Claims**

"Prior to filing a Title VII suit, a plaintiff must exhaust his administrative remedies by filing an EEOC charge outlining his allegations." Duberry v. Inter-Con Sec. Sys., Inc., 898 F. Supp. 2d 294, 298 (D.D.C. 2012) (citing 42 U.S.C. § 2000e-5(e)).  Since "Title VII's exhaustion requirements are not jurisdictional[,]" Artis v. Bernanke, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011) (citation omitted), "a 12(b)(6) motion . . . is the appropriate vehicle to challenge an alleged failure to exhaust administrative remedies under Title VII[,]" Mahoney v. Donovan, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (internal quotation marks and citation omitted); see Hicklin v. McDonald, 110 F. Supp. 3d 16, 18 (D.D.C. 2015) ("A motion to dismiss for failure to exhaust administrative remedies is properly addressed under [ ] Rule . . . 12(b)(6).") (citing Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility, 540 F. Supp. 2d 231, 234–35 (D.D.C. 2008)).

However, "failure to exhaust is an affirmative defense that must be pleaded and established by the defendant, and the plaintiff therefore need not plead exhaustion in the complaint." Briscoe v. Costco Wholesale Corp., 61 F. Supp. 3d 78, 85 (D.D.C. 2014).  Thus, "the defendant 'bears the burden of proving by a preponderance of the evidence that the plaintiff has failed to exhaust administrative remedies.'" Id. at 84–85 (quoting Ndondji v. InterPark Inc., 768 F. Supp. 2d 263, 276 (D.D.C. 2011)) (citing Bowden v. United States, 106 F.3d 433, 437

11

(D.C. Cir. 1997)). "This burden requires more than '[m]eager, conclusory allegations that the plaintiff failed to exhaust his administrative remedies.'" Id. at 85 (quoting Dobbs v. Roche, 329 F. Supp. 2d 33, 38 (D.D.C. 2004)). "If the defendant meets its burden, the burden shifts to the plaintiff to demonstrate that dismissal is not warranted." Id. "When a plaintiff fails to meet his burden by showing that he exhausted the administrative remedies, dismissal is appropriate." Id. (citing Gillet v. King, 931 F. Supp. 9, 12–13 (D.D.C. 1996)).

Here, the defendant argues that the plaintiff "failed to exhaust administrative remedies for all claims alleging discrimination based on national origin and a hostile work environment." Def.'s Opp'n at 9. Specifically, the defendant argues that both Title VII and the Rehabilitation Act require administrative exhaustion, and that while the plaintiff did file an EEO complaint regarding some of his claims, he does not allege facts that establish that the EEO complaint asserted discrimination claims based on national origin and hostile work environment. See id. In support of its position, the defendant references the plaintiff's original Complaint, which represents that his EEO complaint "alleg[ed] that the [defendant] discriminated against him on the bases of race (African American), disability (syncope), and reprisal for prior protected EEO activity[,]" Compl. at 5, but does not reference national origin or hostile work environment claims, see generally id. As indicated above, the plaintiff does not appear to have responded to the defendant's argument. See generally Pl.'s Resp.

Upon review of the record in this case and the parties' submissions, the Court concludes that the defendant has met its burden, having presented "more than '[m]eager, conclusory allegations that the plaintiff failed to exhaust his administrative remedies." Briscoe, 61 F. Supp. 3d at 85 (quoting Dobbs, 329 F. Supp. 2d at 38). Therefore, the "burden shifts to the plaintiff" to show that he exhausted his administrative remedies, Briscoe, 61 F. Supp. 3d at 85, and the Court

12

concludes that the plaintiff has failed to meet this burden. Specifically, as already noted, the plaintiff alleges that "[o]n July 19, 2023, [he] filed an EEO complaint alleging that the [defendant] discriminated against him on the bases of race (African American), disability (syncope), and reprisal for prior protected EEO activity[,]" Compl. at 5; Pl.'s Mot, Ex. 1 (2d Am. Compl.) at 7, but he does not allege any further facts supporting his position that he has exhausted his administrative remedies as to any other claims, see generally Pl.'s Mot, Ex. 1 (2d Am. Compl.). Indeed, the EEOC appeal at issue in this case confirms as much, noting that the plaintiff's complaint only "allege[d] that the [defendant] discriminated against him on the bases of race (African American), disability (syncope), and reprisal for prior protected EEO activity. . ." Compl., Ex. 1 (EEOC Decision) at 2. Therefore, the Court concludes that the plaintiff has "fail[ed] to meet his burden by showing that he exhausted the administrative remedies," and therefore dismissal of these claims would is warranted. Briscoe, 61 F. Supp. 3d at 85. Accordingly, the Court concludes it must deny the plaintiff's motion to add to his Complaint his proposed claims relating to national origin and hostile work environment.

      **b.    Whether the Defendant Has Established that the Plaintiff's Remaining Claims Would Not Survive a Motion to Dismiss**

As to the plaintiff's remaining claims, the defendant argues that the Court should deny the plaintiff's motion for leave to file his Second Amended Complaint because "each of [his] fourteen claims fails to state a claim upon which relief can be granted." Def.'s Opp'n at 10.

Title VII of the Civil Rights Act of 1964 states that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff alleging discrimination under Title VII must therefore show that "(i) [he] suffered an adverse

employment action (ii) because of [his] race, color, religion, sex, [or] national origin[.]" Baloch v. Kempthorne, 550 F.3d 1191, 1196 (D.C. Cir. 2008) (citing 42 U.S.C. § 2000e-16(a)).  In Chambers v. District of Columbia, the District of Columbia Circuit noted that an adverse employment action is one that alters the "terms, conditions, or privileges of employment." 35 F.4th 870, 872 (D.C. Cir. 2022).  The phrase "terms, conditions, or privileges of employment" is intentionally broad because it "evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment[.]"  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986)).  Accordingly, a plaintiff must plead only that an alleged adverse employment action "gives rise to an inference of discrimination."  Walker v. Johnson, 798 F.3d 1085, 1091 (D.C. Cir. 2015) (citing Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002)).

And, under Title VII's anti-retaliation provision,

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[.]

42 U.S.C. § 2000e-3(a).  "The anti-retaliation provision seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms[,]" Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 54 (2006) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997)), and "protects an individual not from all retaliation, but from retaliation that produce[d] an injury or harm[,]" id. at 67.

To establish a claim for retaliation under Title VII, a plaintiff must show: "(1) that he engaged in statutorily protected activity; (2) that he suffered a materially adverse action by his employer; and (3) that a causal link connects the two."  Jones v. Bernanke, 557 F.3d 670, 677

14

(D.C. Cir. 2009). And, "the plaintiff bears the burden of establishing that the [defendant's] improper motive 'was the "but-for" cause of the employer's adverse decision.'" Green v. Haaland, No. 21-cv-329 (RDM), 2022 WL 898864, at *9 (D.D.C. Mar. 28, 2022) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009)). "In the retaliation context, an adverse action is one that is 'harmful to the point that [the employer's action] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Harris v. Mayorkas, No. 21-cv-1083 (GMH), 2022 WL 3452316, at *11 (D.D.C. Aug. 18, 2022) (alteration in original) (quoting Burlington N. & Santa Fe Ry., 548 U.S. at 57).

The Court concludes that the defendant has not carried its burden of establishing that permitting the plaintiff to file these amended claims would be futile. The defendant summarily argues that "[e]ven assuming each [of the plaintiff's] new [claims] asserts a cognizable 'adverse employment action,' each fails because the proposed amended complaint does not even attempt to 'establish a nexus between [the] defendant['s] alleged discriminatory motive and the adverse action' by 'present[ing] evidence above the speculative level' and 'mak[ing] sufficient factual allegations to nudge [his] claims across the line from conceivable to plausible.'" Def.'s Opp'n at 10 (quoting Easaw v. Newport, 253 F. Supp. 3d 22, 29–30 (D.D.C. 2017)). However, the defendant provides little further support for its position, only briefly addressing one of the plaintiff's newly proposed claims. See id. at 10–11. The defendant therefore fails to demonstrate why each of the plaintiff's new claims in his proposed Second Amended Complaint do not contain sufficient "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)), i.e., the defendant's alleged racial discrimination and retaliation. And, because the plaintiff is proceeding pro se, the

15

Court is also mindful that all his factual allegations, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a dispositive motion. See Richardson, 193 F.3d at 548 ("[H]ere we similarly find that the District Court should have read all of [the pro se plaintiff's] filings together before dismissing this case for lack of subject matter jurisdiction."); Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015) (concluding the same in the context of a motion to dismiss pursuant to Rule 12(b)(6)). Therefore, because of the plaintiff's numerous filings in this case, as well as the defendant's failure to address any factual allegations made outside the Complaint, it appears to the Court that it would be premature to proceed to the merits of the plaintiff's proposed Second Amended Complaint. Accordingly, because "[t]he burden is on the defendant to show that leave to file an amended complaint should be denied[,]" Afram, 958 F. Supp. 2d at 278 (citing Smith, 798 F. Supp. 2d at 45), the Court will not deny as futile the plaintiff's motion for leave to further amend his Complaint with his proposed racial discrimination and retaliation claims. If the defendant believes these new claims should be properly dismissed under Rule 12, it may raise these defenses in a new motion to dismiss the plaintiff's Second Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it must grant in part and deny in part the plaintiff's motion for leave to file his Second Amended Complaint. Specifically, the Court concludes that it must grant the plaintiff's motion for leave to file to the extent he seeks to file a Second Amended Complaint alleging his fourteen racial discrimination and retaliation claims. On the other hand, the motion is denied without prejudice to the extent the plaintiff seeks to add national origin and hostile work environment claims. Further, because the Court grants the plaintiff's motion for leave to file his Second Amended Complaint, the Court will deny without

prejudice his motion for leave to file exhibits, which appear to be proposed exhibits related to the plaintiff's Second Amended Complaint, allowing him the opportunity to include those exhibits as part of his refiled Second Amended Complaint. Finally, in light of the Court's conclusions above, the Court must deny the defendant's motion to dismiss as moot.

**SO ORDERED** this 5th day of March, 2025.[6]

REGGIE B. WALTON<br>
United States District Judge

---

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.